**NIGHT BOX FILED**

OCT 2 0 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,          CASE NO. 00-6082-CR-FERGUSON
                                   (Magistrate Judge Seltzer)
Plaintiff,

v.                                 **DEFENDANT JONATHAN KROLL'S
                                   UNOPPOSED MOTION TO MODIFY**
JONATHAN KROLL,                    **CONDITIONS OF RELEASE**

Defendant.
_____/

Defendant JONATHAN KROLL, by and through undersigned counsel, hereby moves this Honorable Court for an Order modifying his conditions of release. Specifically, Mr. Kroll requests that the curfew previously imposed upon him be removed and that his travel restrictions be expanded to include travel to confer with his counsel outside of the Southern District of Florida. The government does not oppose this motion. In support thereof, Mr. Kroll states:

1.      On October 4, 2000, this Court entered an order releasing Mr. Kroll from pretrial custody and imposing certain conditions of release, including, inter alia, a curfew from 10:00 p.m. to 5:00 a.m. and travel limited to the District of New Jersey (where Mr. Kroll now resides with his parents) and the Southern District of Florida for purposes of court appearances and consultation with counsel (whose office is in Miami, Florida).

2.      Since his release, Mr. Kroll has complied, without exception, with each and every

1

condition imposed by this Court.

3. Mr. Kroll is under the supervision of the U. S. Pretrial Services Office, in Newark, New Jersey, in conjunction with the Fort Lauderdale U. S. Pretrial Services Office. A computerized telephone voice verification system is used by the Newark U. S. Pretrial Services Office to monitor Mr. Kroll's compliance with his curfew. This system is not working properly. Specifically, when the computerized telephonic voice verification call is made to Mr. Kroll after 10:00 p.m., the "voice match" with Mr. Kroll often doesn't register in the computer, even though it is Mr. Kroll who answers the phone and who is speaking. Because Mr. Kroll's voice is not verified, the system then automatically calls the Kroll home approximately every 30 minutes. The repeated telephone calls are not only disrupting Mr. Kroll's parents' sleep, but are interfering with the sleep Mr. Kroll needs. He is employed at a construction site and must awaken by no later than 5:00 a.m. to get to work.

4. Given the problems with the telephone voice verification system, undersigned counsel, Albert J. Krieger, conferred with Assistant United States Attorney Jeffrey H. Kay, who has advised that the government has no objection to eliminating the curfew and substituting (in place of the curfew) a condition that Mr. Kroll report in person one additional time per week, i.e., two times per week, to the Newark U. S. Pretrial Services Office. It should be noted that AUSA Kay is handling this matter temporarily, as AUSA Roger Powell is in trial.

5. Further, U. S. Pretrial Services Officer Darwin L. Crenshaw has authorized undersigned counsel to represent that his office has no opposition to Mr. Kroll's curfew being removed. Mr. Crenshaw is the Southern District of Florida U. S. Pretrial Services Officer handling Mr. Kroll's supervision, together with the U. S. Pretrial Services Office in Newark, New Jersey.

6. Undersigned counsel also conferred with AUSA Kay regarding the fact that each of

the undersigned counsel will be outside the Southern District of Florida for extended periods within the next two months. Because counsel will need to meet with Mr. Kroll during that period of time, such meetings will, of necessity, have to be outside the Southern District of Florida. AUSA Kay has authorized undersigned counsel to state that the government has no opposition to Mr. Kroll being permitted to travel anywhere within the continental United States to meet with counsel.

7.   Accordingly, Mr. Kroll requests an order modifying his conditions of release to remove the curfew previously imposed and substitute therefor one additional report per week (in person) to the U. S. Pretrial Services Office and to modify Mr. Kroll's travel limitations to the extent that he can travel anywhere in the continental United States solely for the purpose of conferring with counsel.

WHEREFORE, Defendant JONATHAN KROLL respectfully requests that the Court enter an order modifying his conditions as outlined above. A proposed order is attached.

Dated this 20th day of October, 2000.

Respectfully submitted,

_____
Albert J. Krieger (SVD)
FL Bar No. 209422
ALBERT J. KRIEGER, P. A.
1899 South Bayshore Drive
Miami, Florida 33133
Tele: (305) 854-0050
Fax: (305) 285-1761

_____
Susan W. Van Dusen
FL Bar No. 334111
1899 South Bayshore Drive
Miami, Florida 33133
Tele: (305) 854-0050
Fax: (305) 285-1761

3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was mailed, by U. S. mail, to the following named addressee, this 20th day of October, 2000:

Roger Powell, Esq.
Assistant United States Attorney
United States Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33301

Jeffrey H. Kay, Esq.
Assistant United States Attorney
United States Attorney's Office
500 E. Broward Blvd., 7th Floor
Ft. Lauderdale, FL 33301

*[signature]*

Susan W. Van Dusen